UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BRIAN BINIENDA,

        Petitioner,        Case Number 09-13233
                                            Honorable David M. Lawson

v.

DEBRA SCUTT,

        Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

The petitioner filed a petition for a writ of habeas corpus on August 3, 2011. On July 23, 2012, the Court entered an opinion and order determining that the petitioner was not denied the effective assistance of counsel, that the petitioner's right to a fair trial was not denied by prosecutorial misconduct, that the petitioner's rights under the Confrontation Clause of the Sixth Amendment were not violated by the introduction of a police report, that the petitioner's right to an appeal was not violated by inaccuracies in his trial transcript, that the petitioner's rights under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Miranda v. Arizona*, 384 U.S. 436 (1966), were not violated, and that the petitioner's Sixth Amendment rights were not violated by the trial court's refusal to grant substitute counsel. On this basis, the Court entered judgment against the petitioner.

Pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2254 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court finds that reasonable jurists could not debate whether the petitioner was denied the effective assistance of counsel, the petitioner's right to a fair trial was denied by prosecutorial misconduct, the petitioner's rights under the Confrontation Clause of the Sixth Amendment were violated, the petitioner's right to an appeal was violated, the petitioner's rights under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Miranda v. Arizona*, 384 U.S. 436 (1966), were violated, or the petitioner's Sixth Amendment rights were violated by the trial court's refusal to grant substitute counsel. Therefore, the Court will deny a certificate of appealability on these issues.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 31, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 31, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL
